UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Case No. 2:18-md-2846

Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*Cannon v. Davol, Inc. et al.*
Case No. 2:21-cv-188

## ORDER

This matter is before the Court on Plaintiff's Motion to Substitute Party (ECF No. 6) and Amended Motion to Substitute Party (ECF No. 9). Rule 25 provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* Pursuant to Case Management Order ("CMO") No. 36, a motion to substitute a deceased plaintiff must "address whether the proposed substitute is a representative of the deceased plaintiff's estate, as opposed to the deceased plaintiff's heir or next of kin, regardless of whether the plaintiff died testate or intestate. If the moving party's position is that the proposed substitute is not required to be a representative of the deceased plaintiff's estate under applicable state law, the Motion to Substitute must include relevant authority supporting that position." (Case No. 18-md-2846, ECF No. 660.)

Plaintiff Jean Suzanne Cannon passed away on November 12, 2020. (ECF No. 6.) Plaintiff filed a Motion to Substitute Party on July 11, 2022. (*Id.*) The Motion indicated that Julia A. Filteau "ha[d] been self-appointed next of kin as the Representative of the Estate of [Plaintiff]."

(*Id.*) The Motion also indicated that Letters of Administration were attached as Exhibit B. (*Id.*) However, no exhibits were filed with the Motion. The Court contacted Plaintiff's attorney on August 22, 2022, and again on September 7, 2022, informing her that the Letter of Administration was not attached to the Motion and requesting that the Letter of Administration be filed no later than September 16, 2022, so the Court could consider the Motion. On September 20, 2022, Plaintiff filed an Amended Motion to Substitute Party. (ECF No. 9.) The Amended Motion did not include the Letters of Administration but did include an Affidavit of Next of Kin from Ms. Filteau, stating that as Plaintiff's next of kin she "ha[d] the authority to represent and prosecute this litigation claim." (*Id.* at PageID #32.) The Court again contacted Plaintiff's attorney on November 10, 2022, asking her to file a supplement or a second amended motion informing the Court whether Ms. Filteau had been appointed as a representative in the appropriate state court, or whether applicable state law does not require such appointment and that self-appointment is sufficient, with relevant legal authority supporting that position. Plaintiff has not provided that information.

Plaintiff submitted an Affidavit of Next of Kin to this Court. (ECF No. 9 at PageID #32.) While it does appear that under Florida law some estates may be eligible for disposition without administration (Fla. Stat. §§ 735.304, 735.301), that determination is to be made by the state court after the review of such an affidavit. Plaintiff has not indicated that any such affidavit has been filed or approved in state court, and this Court does not have the jurisdiction to make that determination in the state court's stead. *See Strickland v. Peters*, 120 F.2d 53 (5th Cir. 1941). Therefore, Plaintiff's Amended Motion to Substitute (ECF No. 9) is **DENIED WITHOUT**

**PREJUDICE**. Plaintiff's original Motion to Substitute (ECF No. 6) is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**


**12/7/2022**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**